UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: ANGELIA GWENNETTE REMBERT,   {   CHAPTER 13
                                    {
                                    {
          DEBTOR(S)                 {   CASE NO. R18-40821-PWB
                                    {
                                    {   JUDGE BONAPFEL


**OBJECTION TO CONFIRMATION**


        COMES NOW MARY IDA TOWNSON, TRUSTEE herein, and objects to
Confirmation of the plan for the following reasons:

        1.  The Debtor(s)' payments under the proposed plan are
not current.

        2.  The Plan as proposed will extend beyond sixty (60)
months, contrary to 11 U.S.C. Section 1322(d). (70 months).

        3.  The Debtor(s) has failed to provide the Trustee with a
copy of the federal tax return or transcript of such return for
the most recent tax year ending immediately before the
commencement of the instant case and for which a federal income
tax return was filed, in violation of 11 U.S.C. Section
521(e)(2)(A)(i).

        4.  The Debtor has not filed copies of all payment advices
or other evidence of payments received within sixty (60) days
before the date of the filing of the petition as required by 11
U.S.C. §521(a)(1)(B)(iv) and Rule 1007(b)(1)(E) F.R. Bankr. P.

        5.   The Debtor's (s') Schedule I reflects a contribution
from the Debtor's boyfriend of $1,000.00 per month. The trustee
requests documentation regarding this contribution. If the
contribution is from rental income, the trustee requests
documentation such as a copy of the written lease. 11 U.S.C.
Section 1325(a)(6).

        6.  The Debtor(s)' Chapter 13 plan and schedules are
inaccurate and/or incomplete; the Trustee is unable to determine
either the duration or feasibility of the proposed plan.  11
U.S.C. Sections 1322(d) and 1325(a)(6); specifically, the value
of the Debtor's interest in B & A Childcare Services of Atlanta
is listed as "unknown".

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

7.   The Chapter 13 petition and schedules fail to disclose a 2001 Ford Econoline, in violation of 11 U.S.C. Section 521.

8.   The Chapter 13 plan fails to provide for the assumption and funding or rejection of executory contract owed to The Fourth Way, LLC in violation of 11 U.S.C. Section 365(b)(1)(C).

9.   Schedule G fails to reflect the Debtor(s)' executory contract with The Fourth Way, LLC.

10.   The Chapter 13 plan fails to provide for the surrender of a 2001 Ford Econoline to OneMain Financial Services, Inc., in violation of 11 U.S.C. Section 1325(a)(5)(C).

11.   In order to determine whether the Debtor complies with 11 U.S.C. Section 1325, the Trustee requests proof the Debtor's corporation is fully insured and is current with all payroll tax filings and payments.

12.   The Chapter 13 Plan is not feasible as the sum of the equal monthly payments to creditors is greater than the monthly plan payment, in violation of 11 U.S.C. Section 1325(a)(6).

13.   The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $20,732.00 per month, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

14.   Pursuant to information received from the Internal Revenue Service, 2017 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

15.   The Debtor has failed to remit copies of her 2016 and 2017 business and personal tax returns, cash flow reports for the most recent three (3) through six (6) months, bank statements for the most recent three (3) through six (6) months, etc. as requested by the Trustee. This prevents her from determining whether the Debtor's proposed plan complies with 11 U.S.C. Section 1325.

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.


_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627


Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com

R18-40821-PWB

## **CERTIFICATE OF SERVICE**

        This is to certify that I have this day served

DEBTOR(S):

ANGELIA GWENNETTE REMBERT
29 CRESCENT WOODE DRIVE
DALLAS, GA 30157

ATTORNEY FOR DEBTOR(S):

SLIPAKOFF & SLOMKA, PC
OVERLOOK III - SUITE 1700
2859 PACES FERRY RD, SE
ATLANTA, GA 30339

in the foregoing matter with a copy of this pleading by
depositing in the United States Mail a copy of same in a
properly addressed envelope with adequate postage thereon.

This 30th day of May 2018




_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627







Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
brandik@atlch13tt.com